NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1720
_____

SERENE DUDHI,
                            Appellant

v.

TEMPLE HEALTH OAKS LUNG CENTER;
TEMPLE UNIVERSITY HEALTH SYSTEM, INC.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-03514)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 20, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Filed: December 1, 2020)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Serene Dudhi sued her former employer alleging pregnancy-related discrimination claims. The District Court granted her employer's motion for summary judgment, finding that Dudhi had failed to establish a *prima facie* case. We will affirm.

## I. BACKGROUND

Dudhi previously worked as a permanent medical assistant at Temple Lung Center ("TLC"). On June 26, 2017, she was assigned an afternoon shift in the clinic. At the time, Dudhi had recently returned from parental leave after giving birth and was nursing. While on duty that afternoon, she left her work area to express breastmilk. Dudhi did not get permission to leave or ensure that her patients would be cared for while she was gone. The only other medical assistant on duty that afternoon was Aaliyah Hosten, and she too was absent from the clinic while Dudhi was expressing milk. Hosten did not have permission to leave the work area either.

One of the doctors working in the clinic that afternoon notified Dudhi's supervisor, Beth Knowles, that he could not see patients because there were no medical assistants in the clinic. While attempting to locate Dudhi and Hosten, Knowles noticed medication spinning in an unattended centrifuge. She also encountered a patient looking for Dudhi. After failing to locate either medical assistant, Knowles called Dudhi and asked her to return immediately.

Three days after that incident, Dudhi's employment with TLC was terminated for violating Work Rule D.5, which states that employees are prohibited from "[l]eaving an assigned work area without permission and without proper relief when responsible for

2

patient or client care, or the security of an area or person." App. 6. Her employment termination was effective immediately. Hosten, who was a temporary medical assistant, was also disciplined. She was disqualified from consideration for permanent employment but permitted to complete the remainder of her temporary assignment. After Hosten completed her temporary assignment, her employment with TLC ended.

In 2018, Dudhi initiated an employment discrimination lawsuit against TLC, alleging violations of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA"). Specifically, Dudhi alleged that her employer "w[as] hostile to [her] pregnant/nursing condition, and [that she was] terminated . . . because of that animus." App. 183.[1]

TLC moved for summary judgment. First, the District Court found that Dudhi failed to set forth a *prima facie* case under the framework laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Second, the Court also found, even if she had, TLC proffered a legitimate nondiscriminatory reason for its actions and Dudhi failed to rebut that reason. Accordingly, the District Court granted summary judgment. Dudhi now appeals.

## II.  DISCUSSION[2]

Dudhi's claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *See In re Carnegie Ctr. Assoc.*, 129 F.3d 290, 294–95 (3d Cir. 1997). Under that

---

[1] Dudhi also alleged race-based discrimination claims, however, she appeals the District Court's order only as it relates to her pregnancy-related discrimination claims. *See* Appellant Br. at 17–18.

[2]  The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary

framework, Dudhi bears the burden of presenting evidence sufficient to support a *prima facie* case of discrimination. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008). If she establishes a *prima facie* case, the burden of production shifts to TLC to identify a legitimate, nondiscriminatory reason for its adverse employment decision. *See Texas Dep't of Cmty. Affs. v. Burdine,* 450 U.S. 248, 252–53 (1981). If TLC offers such evidence, the burden shifts back to Dudhi, who must then show that TLC's nondiscriminatory reason was pretextual. *Id.*

To establish a *prima facie* case of pregnancy-related discrimination under Title VII and the PHRA, Dudhi must show that (1) "she is or was pregnant and that her employer knew she was pregnant," (2) "she was qualified for her job," (3) "she suffered an adverse employment decision," and (4) "there is some nexus between her pregnancy and her employment termination that would permit a fact-finder to infer unlawful discrimination." *C.A.R.S.*, 527 F.3d at 366.

Dudhi sought to support her claims by offering comparator evidence. Dudhi argued that TLC treated Hosten, a similarly situated non-breastfeeding employee, more favorably by allowing Hosten to finish her temporary assignment after she also violated Work Rule D.5. The District Court, however, determined that Dudhi and Hosten were not similarly situated, and because Dudhi offered no other evidence to support an inference of pregnancy-related discrimination, it found that Dudhi failed to set forth a *prima facie* case. We agree.

---

judgment *de novo* and apply the same standard as the District Court. *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020).

A plaintiff may not "selectively choose a comparator," *Simpson v. Kay Jewelers*, 142 F.3d 639, 645 (3d Cir. 1998), but should identify "objective qualification[s] or factor[s] that [she] can use as a yardstick to compare herself with similarly situated employees," *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 529 (3d Cir. 1992).[3] The context of each case determines which factors are relevant, but where allegations of disparate treatment arise in the disciplinary context, relevant factors often include "the standards that the employees had to meet." *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003). In this instance, as the District Court correctly noted, Hosten and Dudhi were not subject to the same discipline standards. As a permanent employee, the Work Rules mandated that Dudhi's employment be terminated immediately. That same mandate, however, did not apply to temporary employees like Hosten. This difference distinguishes Dudhi from Hosten. *See id.* Thus, the District Court correctly concluded that they were not similarly situated.

Because we conclude that the District Court rightly resolved this issue at step one of the *McDonnell Douglas* framework, we need not reach the District Court's pretext finding.

### III. CONCLUSION

For the foregoing reasons, we will affirm the District Court.

---

[3] While we have not explicitly stated what constitutes a similarly situated employee, other Courts have noted that a comparator must be similar in all relevant respects. *E.g.*, *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003).